IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDITH APONTE<br>643 W. Rush Street<br>Philadelphia, PA 19133 | : : : : | CIVIL ACTION |
| Plaintiff, | : : : | NO. |
| v. | : : | **JURY TRIAL DEMANDED** |
| PHILADELPHIA GAS WORKS<br>800 W. Montgomery Avenue<br>Philadelphia, PA 19122<br>  and<br>ANTHONY MAURO<br>800 W. Montgomery Avenue<br>Philadelphia, PA 19122<br>  and<br>MATTHEW ROHRER<br>800 W. Montgomery Avenue<br>Philadelphia, PA 19122<br>  and<br>WILLIAM MONTGOMERY<br>800 W. Montgomery Avenue<br>Philadelphia, PA 19122 | : : : : : : : : : : : : : : : : : : | ***RELATED TO A PENDING CASE*[1]** |
| Defendants. | : : | |

# CIVIL ACTION COMPLAINT

Plaintiff, Edith Aponte (hereinafter referred to as "Plaintiff" unless otherwise indicated), by and through her undersigned counsel, hereby avers as follows:

## I. Introduction

1.  Plaintiff has initiated this action to redress violations by Defendant of 42 U.S.C. §1981, Title VII of the Civil Rights Act ("Title VII"), the Family and Medical Leave Act, the Employment Retirement Income Security Act ("ERISA") and the Pennsylvania Human Relations

---

[1] Pursuant to Local Rule 40.1 (Iv)(a), Plaintiff asserts that this case is related to a case currently pending before The Honorable Kelley Brisbon Hodge. The case is *Aponte v. Philadelphia Gas Works* (Case No.: 23-3568).

1

Act ("PHRA").[2] As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## II. Jurisdiction and Venue

2.   This Court may properly maintain jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co v. State of Washington, 326 U.S. 310 (1945) and its progeny.

3.   This action is initiated pursuant to a federal law. The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States.

4.   Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5.   Plaintiff properly exhausted her Title VII administrative remedies by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and dual filing the Charge with the Pennsylvania Human Relations Commission ("PHRC"), being issued a right-to-sue letter from the EEOC and filing her claims within 90-days of receiving the right-to-sue letter.

---

[2] Plaintiff's claims under the PHRA are referenced herein for notice purposes. She is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff must however file her lawsuit in advance of same because of the date of issuance of her federal right-to-sue letter. Plaintiff's PHRA claims will mirror her federal claims.

### III. Parties

6. The averment of the foregoing paragraph is hereby incorporated by reference as if set forth fully herein.

7. Plaintiff is an adult individual residing at the above-captioned address. Plaintiff is an Hispanic female.

8. Philadelphia Gas Works ("PGW" or "Defendant"), is a gas utility company operating in Pennsylvania with a principal place of business at the above-captioned address.

9. Anthony Mauro is employed by Defendant PGW as the Vice President of Supply Chain. He is a high-level manager who had authority and control over the terms and conditions of Plaintiff's employment.

10. Matthew Rohrer is employed by Defendant PGW as a Manager, Employee Relations & Services Organizational Development. He is a high-level manager who had authority and control over the terms and conditions of Plaintiff's employment.

11. William Montgomery is employed by Defendant PGW as the Director of Fleet and Materials Management and directly supervised Plaintiff. He is a high-level manager who had authority and control over the terms and conditions of Plaintiff's employment.

12. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

### IV. Factual Background

13. The averments of the foregoing paragraphs are hereby incorporated by reference as if set forth fully herein.

14. Plaintiff is a 57-year-old Hispanic female.

15. She has a Masters Degree in Business Administration.

16. Plaintiff was a dedicated and hard-working employee for Defendants for more than 13 years.

17. She was hired by Defendants in or about March 2011 and continued to work for Defendants for more than 13 ½ years, until her unlawful termination on or about December 13, 2024.

18. Throughout her employment, Plaintiff performed her job very well and, as a result, she was promoted in 2012, 2014, 2015 and 2017.

19. She was also consistently issued positive performance feedback and merit-based raises.

20. In her stellar performance evaluations, Plaintiff was commended for her "proficiency" and repeatedly praised for: "communicating clearly and effectively"; "demonstrates a solid understanding of her job description and expected duties"; "takes on a heavy workload and does a quality job"; "goes the extra mile to make sure her job is of top quality"; "helps support a positive team atmosphere"; "is always positive and uses her sense of humor to keep team members in a upbeat mood"; being "organized, a "good writer and speak," "takes pride in her work," is "always willing to work with her new team peers," "committed to quality," and "ensures all her work is done in a professional manner"; being "thorough, accurate, and timely"; "has pursued training and development opportunities on her own initiative"; "knows how to delegate work to the correct person and obtain the information needed to make good decisions" "reliable team member who willingly shares her knowledge when she's in a team"; "new hires into the department are trained well and quickly learn the direction and tasks"; "friendly and respectful demeanor"; "takes her professional development very seriously"; "takes full responsibility for her

decisions and is accountable for all aspects of the MMD group"; "can be trusted to handle any issue that comes up with the utmost integrity and her dependability has been a huge positive"; "handles union issues very well"; "handles meetings … with near perfection"; her "leadership" led to a resolution of invoices such that no projects needed to be canceled"; "flexible and adapts well to change"; "uses available resources to achieve the highest possible results."

21. Plaintiff was not issued any discipline for any reason.

22. In or about June 2017, Plaintiff was promoted to the position of Manager of Materials Management. In this capacity, Plaintiff oversaw Materials Management.

23. During her employment in the Materials Management department, she was supervised by mostly white men, including Kenneth Foran, Scott Dever and William Montgomery. These individuals have reported to Anthony Mauro (Vice President of Materials Management), who is also a white male.

### - Gender and Race/National Origin Discrimination -

24. For several years, Plaintiff has been subjected to derogatory and disparate treatment based on her gender and race/national origin.

25. For example, but not intended to be an exhaustive list:

   a. In 2019, 2020 and 2022, Plaintiff applied for/sought but was denied a promotion to the Director, Fleet and Materials Management position in favor of less qualified white men (Foran, Dever and Montgomery). Despite that Plaintiff has several years' experience in the department and was, in essence, performing the job duties of the Director position, she was repeatedly passed over for the promotion. Instead, Defendants, including Defendant Mauro, hired less qualified white male candidates for the position (and in some instances these candidates had never even worked for Defendant before and had previously not been granted an interview because of their lack of experience);

   b. The Materials Management department has been managed by mostly white male employees and Defendant PGW has never employed a woman in the Director position;

c. Plaintiff was spoken to by Montgomery and Mauro in a rude, disrespectful and condescending manner, especially compared to the way they interact with Plaintiff's non-Hispanic, male colleagues;

d. In 2023, Plaintiff was issued an unwarranted negative performance evaluation by Montgomery and Mauro, despite that she had performed her job well;

e. Defendants falsely accused Plaintiff of failing to complete job duties;

f. Defendants have treated other non-Hispanic, male managers in Plaintiff's department much more favorably, including not disciplining and/or terminating them despite their poor job performance and/or policy violations;

### - FMLA Discrimination/Retaliation -

26. In addition, Plaintiff has also been subjected to mistreatment based on her request for/use of FMLA leave.

27. Plaintiff has suffered from anxiety and depression for several years, has obtained treatment for same and has requested and taken time off for same, including in 2022, 2023 and 2024.

28. Plaintiff requested, was approved and took FMLA-qualifying medical leave for these conditions, including most recently in or about 2023 and 2024.

29. In or about early December 2024, Plaintiff renewed her request for intermittent FMLA leave for her own serious health condition.

30. Plaintiff informed Mauro, Montgomery and Rohrer about this request.

31. In response, they expressed annoyance that Plaintiff needed additional FMLA leave.

32. Within a few days of Plaintiff's request for this additional FMLA leave, she was terminated by Defendants.

33. Defendants terminated her, in part, to prevent her from using additional intermittent FMLA leave.

## - Retaliation -

34. During her employment with Defendants, Plaintiff made internal complaints of discrimination and filed a charge of discrimination with the EEOC (including in March 2022).

35. In or about September 2023, Plaintiff also filed a lawsuit against Defendant PGW for discrimination based on her gender, race/national origin and FMLA leave and retaliation for her complaints of discrimination.

36. Defendants learned about the EEOC Charge and lawsuit shortly after their filing.

37. Shortly after Plaintiff filed her lawsuit, she was issued an unwarranted and unfair negative performance evaluation by Montgomery and Mauro.

38. Plaintiff was also treated even more rudely and disrespectfully by Defendants (including Mauro and Montgomery).

39. In or about the fall of 2024, Plaintiff made additional complaints of discrimination to Defendants, including but not limited to, telling them that she felt like they were targeting her because of her lawsuit and because she made previous complaints of discrimination.

40. Defendants blew her off, failed to investigate her complaints and instead tried to find reasons to terminate her.

41. On or about December 13, 2024, shortly after her final complaints of discrimination/retaliation, Plaintiff was terminated.

42. Defendants informed Plaintiff that she was being terminated for alleged performance issues.

43. However, Plaintiff had met her performance goals/metrics for the previous year, had not been issued any discipline for any reason, had been a stellar employee for more than 13 years, had a wealth of experience and knowledge of the department and her job duties and had

made many contributions to Defendants' business.

44. Thus, Defendants' alleged reason for Plaintiff's termination is untrue, contradictory and inconsistent.

45. At or near the time of Plaintiff's termination, Defendants encouraged her to resign in exchange for a severance/separation agreement. This agreement would have required Plaintiff to waive all legal claims against Defendants. Plaintiff did not agree to this.[3]

46. Plaintiff's gender, race/national origin and FMLA leave needs and complaints of discrimination were motivating and/or determinative factors in Defendants' decision to terminate her.

47. Defendants Mauro, Montgomery and Rohrer participated in the conduct, as set forth above, as well as the decision to terminate Plaintiff and/or engaged in conduct that led to her termination.

48. After Plaintiff's termination, Defendants sought someone to replace her.

### COUNT I
### Violation of Title VII of the Civil Rights Act of 1964 ("Title VII")
**(Gender Discrimination & Retaliation)**
**-Against Defendant PGW-**

49. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

50. During Plaintiff's employment with Defendants, she was subjected to

---

[3] An offer of severance can constitute evidence of pretext. *See Staffieri v. Northwestern Human Servs.*, 2013 U.S. Dist. LEXIS 72115 at **14-15 (E.D. Pa. 2013)(an employer who offered severance at the time of termination when policies did not require upon condition of waiving FMLA claim supported finding of pretext in wrongful termination claim, among other evidence); *Bartlett v. NIBCO Inc.*, 2011 U.S. Dist. LEXIS 28072 (N.D. Ind. 2011)(finding that a severance agreement offered contemporaneously to when the employee was terminated was "probative on the issue of whether NIBCO's motive for terminating Bartlett was retaliatory"); *Karl v. City of Mountlake Terrace*, 2011 U.S. Dist. LEXIS 59085 (W.D. Wash. 2011)(severance agreements are admissible in retaliation claims when made contemporaneous to termination, as they are not governed by Fed.R.Evid. 408).

discrimination, retaliation, and a hostile work environment through disparate/derogatory treatment as outlined *supra* because of her sex/gender.

51. Plaintiff's sex/gender and her complaints of sex discrimination were motivating and/or determinative factors in Defendants' decision to terminate Plaintiff.

52. These actions as aforesaid constitute violations of Title VII

**COUNT II**
**<u>Violations of 42 U.S.C. Section 1981</u>**
**(Race Discrimination and Retaliation)**
**- Against All Defendants -**

53. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

54. During Plaintiff's employment with Defendants, she was subjected to a racially discriminatory hostile work environment by Defendants' management through disparate treatment, denied promotions in lieu of less qualified Caucasian candidates, and rude/demeaning treatment (unlike Defendants' Caucasian employees).

55. Plaintiff's race/national origin and/or complaints of discrimination were motivating and/or determinative factors in Defendants' decision to terminate her employment.

56. Defendants Mauro, Rohrer and Montgomery are individually liable because they are high-level managers who controlled the terms and conditions of Plaintiff's employment and participated in, authorized and/or directed the discriminatory and retaliatory conduct.[4]

---

[4] The Third Circuit has found individual liability under Section 1981 where "individuals are personally involved in the discrimination against [plaintiff], and [where] they intentionally caused the [employer] to infringe on [plaintiff's] Section 1981 rights, or [where] they authorized, directed, or participated in the alleged discriminatory conduct." *Al-Khazraji v. Saint Francis Coll.*, 784 F.2d 505, 518 (3d Cir. 1986); *Purnell v. Radnor Twp. Sch. Dist.,* No. 19-612, 2019 U.S. Dist. LEXIS 63723, at *13-14 (E.D. Pa. 2019); *see also Shaw v. Temple Univ.*, 357 F. Supp. 3d 461, 474 (E.D. Pa. 2019) ("The United States Court of Appeals for the Third Circuit has found individual liability under §1981 "when [the defendants] intentionally cause an infringement of rights protected by Section 1981, regardless of whether the [employer] may also be held liable.") (quoting *Cardenas v. Massey*, 269 F.3d 251, 268 (3d Cir. 2001)).

57. These actions as aforesaid constitute violations of Section 1981.

**COUNT III**
**Violations of Family and Medical Leave Act ("FMLA")**
**(Interference & Retaliation)**
**-Against All Defendants-**

58. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

59. Plaintiff was a full-time employee who worked for Defendants for more than 1 year within a location that employed at least 50 employees within 75 miles.

60. Plaintiff exercised her FMLA rights on several occasions, most recently in December of 2024.

61. Plaintiff had been treated harshly by her management due to her ongoing intermittent FMLA needs and was subject to continued animosity and frustration by Defendants.

62. Defendants then terminated Plaintiff *within days* of her final request for FMLA leave.

63. Defendants committed FMLA interference and retaliation violations by: (1) considering her requests for and/or use of FMLA leave in their decision to terminate her; (2) engaging in conduct that dissuaded Plaintiff from exercising her FMLA rights and would dissuade a reasonable person from doing so; (3) terminating her to prevent her from exercising her FMLA rights; and (4) terminating her for requesting/using FMLA leave.

64. Defendants Mauro, Rohrer and Montgomery are individually liable because they participated in and/or effectuated the FMLA violations.[5]

---

[5] The FMLA clearly permits individual liability. *See* 29 U.S.C. 2611(4)(A)(ii)(I); see *Haybarger v. Lawrence Cty. Adult Prob. & Parole,* 667 F.3d 408, 413 (3d Cir. 2012) ("inclusion of 'any person who acts, directly or indirectly, in the interest of an employer' plainly contemplates that liability for FMLA violations may be imposed upon an individual person who would not otherwise be regarded as the plaintiff's 'employer'").

## Count IV
### Violations of the Employee Retirement Income Security Act ("ERISA")
(Interference & Retaliation)
- Against Defendant PGW -

65. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

66. At all relevant times, Plaintiff was enrolled in Defendant PGW's ERISA-covered employee benefits plan, namely Defendant's employee group health insurance plan (hereinafter "the Plan").

67. As of March of 2026 (less than a year and a half after the time of Plaintiff's termination) Plaintiff would have been entitled to lifetime health insurance benefits.

68. Accordingly, Defendant PGW attempted to interfere with, and did interfere with, Plaintiff's ability to obtain benefits under the Plan.

69. In harassing and terminating Plaintiff due to her past use of the Plan, and in order to keep her from utilizing the Plan in the future, Defendant PGW acted with specific intent to violate ERISA.

70. Plaintiff's termination was motivated by Defendant PGW's desire to either: (a) punish Plaintiff for using the Plan for her medical conditions; or (b) by terminating her, to ensure that Plaintiff would never be able to use health benefits in the future.

71. Defendant PGW pretextually terminated Plaintiff due to her exercise of rights to which she was entitled under the provisions of the Plan, including obtaining medical benefits for her medical conditions.

72. The causal connection between Plaintiff's protected activities (utilization of the Plan) is established by close temporal proximity.

73. These actions as aforesaid constitute interference and retaliation violations of

ERISA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

    A.    Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered discrimination at the hands of Defendants until the date of verdict;

    B.    Plaintiff is to be awarded punitive and liquidated damages, as permitted by applicable law, in an amount determined by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

    C.    Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

    D.    Plaintiff is to be awarded damages for pain and suffering and/or emotional distress where legally permitted;

    E.    Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to the Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

    F.    Plaintiff's claims are to receive trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

                Respectfully submitted,

                **KARPF, KARPF, & CERUTTI, P.C.**

By:    _____

                Ari R. Karpf, Esq.
                Jeremy M. Cerutti, Esq.
                8 Neshaminy Interplex; Suite 210
                Feasterville-Trevose, PA 19053
                Bensalem, PA 19020
                (215) 639-0801

Date: August 27, 2025

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Edith Aponte | : | CIVIL ACTION |
| v. | : | |
| Philadelphia Gas Works, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (x)

| 8/27/2025 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: __Defendants place of business__

---

**RELATED CASE IF ANY:** Case Number: __23-3568__  Judge: __Kelley Brisbon Hodge__

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☒
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☒ **is** / ☐ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A. Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief *see certification below*
☐ 16. All Other Federal Question Cases. *(Please specify)*: _____

*B. Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*: _____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)* _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
APONTE, EDITH

**DEFENDANTS**
PHILADELPHIA GAS WORKS, ET AL.

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [X] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**TORTS — PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS**
Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII (42USC2000); Section 1981 (42USC1981); FMLA (29USC2601); ERISA (29USC1001)

Brief description of cause:
Violations of Title VII, Section 1981, FMLA, ERISA and the PHRA.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: Kelley Brisbon Hodge
DOCKET NUMBER: 23-3568

DATE: 8/27/2025
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___